RECEIPT # 56443
AMOUNT $ 150
SUMMONS ISSUED Y-4
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _m_
DATE_____ 6-8-04

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 8  P  2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

Emadeddin MUNTASSER,
  Plaintiff,

             v.


Tom Ridge, Secretary
  Department of Homeland Security

Eduardo Aguirre, Jr., Director of
  United States Citizenship & Immigration
  Services

Denis Riordin. District Director,
  United States Citizenship & Immigration
  Services

Defendants

Civil No.

PETITION FOR HEARING ON
NATURALIZATION APPLICATION
UNDER 8 U.S.C. § 1147(B)

A72 178 461

04-11259

MAGISTRATE JUDGE Collings

Plaintiff, by his attorney, complaining of Defendant, alleges as follows:

1.      Plaintiff is an individual and resident of the United States who resides within the

jurisdiction of this Court.  Plaintiff's claim to naturalization arises under 8 U.S.C. §

1147(b).

2.    Tom Ridge is the secretary of the Department of Homeland Security, the government the agency in charge of Immigration and Naturalization and is sued herein in his official capacity.

3.    Eduardo Aguirre, Jr. is the Director of United States Citizenship & Immigration Services, the Bureau of the Department of Homeland Security with authority over naturalization.

4.    Denis Riordin, the Defendant herein, is the District Director and is sued herein in his official capacity.  Defendant is responsible for the grant or denial of naturalization applications filed with the Boston USCIS district pursuant to 8 U.S.C. § 1421, 8 U.S. C. § 1427, 8 CFR § 103.1(g)(2)(ii), 8 CFR § 310.2 and 8 CFR § 316.3.

5.    The Court has jurisdiction of this action pursuant to 8 USC § 1447(b) and 28 U.S.C. § 2201.

6.    On or about October 18, 2002, Plaintiff submitted an application for naturalization to the Defendant.

7.    On or about November 6, 2003, the Defendant and/or his designated agent, Alton Saucier, interviewed Plaintiff on his application.  At the time of the interview, Plaintiff submitted amendments to the application.  These amendments completed and/or corrected errors or omissions in the application, which was filed by prior counsel.

8.    Plaintiff passed all portions of the requirements for naturalization during his interview. Defendant's agent informed Plaintiff that the only issue to be resolved was his fingerprints to be cleared by the FBI.  Plaintiff was told he would be notified when the prints were cleared, or when there was a decision made on this issue, or if additional information was needed.

9.    Plaintiff has not received any update or decision regarding his fingerprints and application since that time.

10.    On April 6, 2004, upon returning from a trip abroad, Plaintiff Muntasser was prevented from entering the U.S. at Logan Airport. Muntasser was referred to a "deferred inspection" at the Boston CIS office at JFK Federal Building, Room E-160. Plaintiff presented himself for the deferred inspection and requested that counsel be present. This request was denied. Plaintiff was for interviewed for over two hours by Agent John Fernandez, SRI. The Plaintiff was questioned about the nature and purpose of his recent business travel, and about his N-400 (application for naturalization) and amendments he made to that application. Mr. Muntasser was questioned by Agent Fernandez about his memberships in organizations, and his prior discussion with law enforcement, including the F.B.I.

11.    More than 120 days have passed since the initial interview, and the Defendant has made no decision on Plaintiff's application.

12.    The Defendant's failure to make a determination on Plaintiff's application within the 120-day statutory period allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 U.S.C. § 1447(b).

13.    Plaintiff desires a judicial determination of her naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.


WHEREFORE, Plaintiff prays that:

1.  The Court will hear Plaintiff's case and render a judgment that he is entitled to be naturalized, and

2.  The Court grants such further relief as many be just, lawful, and equitable in the premises.

_____

Date

Jeremiah Friedman
Attorney for the Plaintiff
Kaplan, O'Sullivan & Friedman
Ten Winthrop Square, 3rd Floor
Boston, MA  02110
(617) 482-4500
BB0 # 548031

**JF/Muntasser.Complaint**