UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -8  P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

Emadeddin MUNTASSER,
  Plaintiff,

v.

Tom Ridge, Secretary
  Department of Homeland Security

Eduardo Aguirre, Jr., Director of
  United States Citizenship & Immigration
  Services

Denis Riordin. District Director,
  United States Citizenship & Immigration
  Services

Defendants

Civil No.
PETITION FOR HEARING ON
NATURALIZATION APPLICATION
UNDER 8 U.S.C. § 1147(B)

A72 178 461

## MEMORANDUM

Introduction

Emadeddin Munstasser is a lawful permanent resident of the United States. On October 18, 2002, he filed an application for naturalization with the former Immigration and Naturalization Service, now Citizenship & Immigration Services. He was interviewed on his application on November 61, 2003 by Mr. Alton Saucier, an agent of the defendant. Mr. Saucier told Mr. Muntasser that he passed his examination of English language an civics however, his fingerprints which were taken by CIS employees had not cleared even though they were sent to the FBI for

processing on February 15, 2003 and were "loaded" on September 10, 2003. Mr. Saucier informed plaintiff that he would hear from INS once the prints cleared, or if more information was needed.

Mr. Muntasser has never heard from CIS again.

On April 6, 2004, Mr. Muntasser returned from a business trip to Logan Airport. He was not readmitted to the United States rather, he was placed in "deferred inspection". For whatever reason the inspection of Mr. Muntasser could not be completed at that time and his case was referred to the CIS office in Boston.

Mr. Muntasser went with counsel to the deferred inspection on April 6, 2004. Mr. Muntasser was informed that he could not be represented, nor could counsel observe the deferred inspection process.

An Agent of the U.S. Customs and Border Enforcement interviewed Mr. Muntasser. At that time, Mr. Muntasser was questioned concerning his naturalization application, why he changed attorneys, and why his new attorney amended the application. Mr. Muntasser was questioned about his affiliations, and about his travel. At the end of the interview, Mr. Muntasser was admitted to the U.S.

To date, no decision has been made on his application for naturalization.

Jurisdiction

This action is brought pursuant to Immigration and Nationality Act § 336(b); 8 USC 1447(b), which specifically provides for judicial review of naturalization petitions. The statute states:

> "If there is a failure to make a determination under [INA] § 335 before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions…"

Further, the regulations, promulgated at 8 CFR 336.1(a) require a decision be made within 120 days of an initial interview.

Argument

Over 120 days have passed since Mr. Muntasser appeared for his examination with the District Office.

Mr. Muntasser has fulfilled all of the requirements for naturalization. These requirements include:

- Admission as a lawful permanent resident
- Acquisition of 5 years of residency at least 50% of that time being physically in the U.S.
- Being a person of good moral character
- Supporting the Constitution and laws of the U.S.
- Knowledge of the English language and history of the U.S.
- Willing to take an oath of allegiance.

INA § 335.

The Defendants have given no reason for delaying this matter.

WHEREFORE: The Plaintiff asks this court to take jurisdiction and to determine this matter, and naturalize him pursuant to Section 1447(b) of the U.S. code.

Respectfully submitted,

Date

Jeremiah Friedman
Kaplan, O'Sullivan & Friedman
Ten Winthrop Square, 3rd Floor
Boston, MA 02110
(617) 482-4500
BB0 # 548031

JF/Muntasser.Memo