AO 458 (Rev. 5/85) Appearance

# United States District Court

---- DISTRICT OF ----

MASSACHUSETTS

Emadeddin MUNTASSER
       Plaintiff

**APPEARANCE**

v.

Tom RIDGE, Department of Homeland Security

**CASE NUMBER:**

Eduardo AGUIRRE, Dept. Citizenship & Immigration Services
Denis RIORDIN, District Direcetor, CIS

       Defendants

To the Clerk of this court and all parties of record:

    Enter my appearance as counsel in this case for

        Plaintiff

_____
Date

_[signature]_
Signature

Jeremiah Friedman    BBO# 548031
Print Name

10 Winthrop Sq.
Address

Boston, MA 02110
City          State          Zip Code

(617) 482-4500
Phone Number

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Emadeddin Muntasser

**DEFENDANTS**
Tom Ridge, Sec. Dept. Homeland Securit
Eduard Aguirre, Director CIS
Denis Riordin, District Director

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeremiah Friedman (BBO# 548031)
Kaplan O'Sullivan & Friedman
10 Winthrop Sq. Boston, MA 02110

Attorneys (If Known)

04

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIW C/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

8 USC sec.1147b petition for hearing on naturalization petition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Muntasser-Ridge__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jeremiah Friedman__
ADDRESS __10 Winthrop Sq. Boston, MA 02110__
TELEPHONE NO. __(617) 482-4500__

(Coversheetlocal.wpd - 10/17/02)

```
                                              FILED
                                          IN CLERKS OFFICE

          UNITED STATES DISTRICT COURT  2004 JUN -8  P 2:58
             DISTRICT OF MASSACHUSETTS
                                          U.S. DISTRICT COURT
                                          DISTRICT OF MASS.
```

| | |
|---|---|
| Emadeddin MUNTASSER,<br>  Plaintiff,<br><br>           v.<br><br><br>Tom Ridge, Secretary<br>  Department of Homeland Security<br><br>Eduardo Aguirre, Jr., Director of<br>  United States Citizenship & Immigration<br>  Services<br><br>Denis Riordin, District Director,<br>  United States Citizenship & Immigration<br>  Services<br><br>Defendants | Civil No.<br><br>PETITION FOR HEARING ON<br>NATURALIZATION APPLICATION<br>UNDER 8 U.S.C. § 1147(B)<br><br>A72 178 461<br><br><br>04 _ _ _ _ |

Plaintiff, by his attorney, complaining of Defendant, alleges as follows:

1. Plaintiff is an individual and resident of the United States who resides within the jurisdiction of this Court. Plaintiff's claim to naturalization arises under 8 U.S.C. § 1147(b).

2. Tom Ridge is the secretary of the Department of Homeland Security, the government the agency in charge of Immigration and Naturalization and is sued herein in his official capacity.

3. Eduardo Aguirre, Jr. is the Director of United States Citizenship & Immigration Services, the Bureau of the Department of Homeland Security with authority over naturalization.

4. Denis Riordin, the Defendant herein, is the District Director and is sued herein in his official capacity. Defendant is responsible for the grant or denial of naturalization applications filed with the Boston USCIS district pursuant to 8 U.S.C. § 1421, 8 U.S.C. § 1427, 8 CFR § 103.1(g)(2)(ii), 8 CFR § 310.2 and 8 CFR § 316.3.

5. The Court has jurisdiction of this action pursuant to 8 USC § 1447(b) and 28 U.S.C. § 2201.

6. On or about October 18, 2002, Plaintiff submitted an application for naturalization to the Defendant.

7. On or about November 6, 2003, the Defendant and/or his designated agent, Alton Saucier, interviewed Plaintiff on his application. At the time of the interview, Plaintiff submitted amendments to the application. These amendments completed and/or corrected errors or omissions in the application, which was filed by prior counsel.

8. Plaintiff passed all portions of the requirements for naturalization during his interview. Defendant's agent informed Plaintiff that the only issue to be resolved was his fingerprints to be cleared by the FBI. Plaintiff was told he would be notified when the prints were cleared, or when there was a decision made on this issue, or if additional information was needed.

9.  Plaintiff has not received any update or decision regarding his fingerprints and application since that time.

10. On April 6, 2004, upon returning from a trip abroad, Plaintiff Muntasser was prevented from entering the U.S. at Logan Airport. Muntasser was referred to a "deferred inspection" at the Boston CIS office at JFK Federal Building, Room E-160. Plaintiff presented himself for the deferred inspection and requested that counsel be present. This request was denied. Plaintiff was for interviewed for over two hours by Agent John Fernandez, SRI. The Plaintiff was questioned about the nature and purpose of his recent business travel, and about his N-400 (application for naturalization) and amendments he made to that application. Mr. Muntasser was questioned by Agent Fernandez about his memberships in organizations, and his prior discussion with law enforcement, including the F.B.I.

11. More than 120 days have passed since the initial interview, and the Defendant has made no decision on Plaintiff's application.

12. The Defendant's failure to make a determination on Plaintiff's application within the 120-day statutory period allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 U.S.C. § 1447(b).

13. Plaintiff desires a judicial determination of her naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

WHEREFORE, Plaintiff prays that:

1. The Court will hear Plaintiff's case and render a judgment that he is entitled to be naturalized, and

2. The Court grants such further relief as many be just, lawful, and equitable in the premises.

_____  
Date

_____  
Jeremiah Friedman  
Attorney for the Plaintiff  
Kaplan, O'Sullivan & Friedman  
Ten Winthrop Square, 3rd Floor  
Boston, MA 02110  
(617) 482-4500  
BB0 # 548031

JF/Muntasser.Complaint

FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN -8  P 2: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| Emadeddin MUNTASSER, Plaintiff, <br><br> v. <br><br> Tom Ridge, Secretary <br>  Department of Homeland Security <br><br> Eduardo Aguirre, Jr., Director of <br>  United States Citizenship & Immigration Services <br><br> Denis Riordin. District Director, <br>  United States Citizenship & Immigration Services <br><br> Defendants |

Civil No.
PETITION FOR HEARING ON
NATURALIZATION APPLICATION
UNDER 8 U.S.C. § 1147(B)

A72 178 461

## MEMORANDUM

Introduction

Emadeddin Munstasser is a lawful permanent resident of the United States. On October 18, 2002, he filed an application for naturalization with the former Immigration and Naturalization Service, now Citizenship & Immigration Services. He was interviewed on his application on November 61, 2003 by Mr. Alton Saucier, an agent of the defendant. Mr. Saucier told Mr. Muntasser that he passed his examination of English language an civics however, his fingerprints which were taken by CIS employees had not cleared even though they were sent to the FBI for

processing on February 15, 2003 and were "loaded" on September 10, 2003. Mr. Saucier informed plaintiff that he would hear from INS once the prints cleared, or if more information was needed.

Mr. Muntasser has never heard from CIS again.

On April 6, 2004, Mr. Muntasser returned from a business trip to Logan Airport. He was not readmitted to the United States rather, he was placed in "deferred inspection". For whatever reason the inspection of Mr. Muntasser could not be completed at that time and his case was referred to the CIS office in Boston.

Mr. Muntasser went with counsel to the deferred inspection on April 6, 2004. Mr. Muntasser was informed that he could not be represented, nor could counsel observe the deferred inspection process.

An Agent of the U.S. Customs and Border Enforcement interviewed Mr. Muntasser. At that time, Mr. Muntasser was questioned concerning his naturalization application, why he changed attorneys, and why his new attorney amended the application. Mr. Muntasser was questioned about his affiliations, and about his travel. At the end of the interview, Mr. Muntasser was admitted to the U.S.

To date, no decision has been made on his application for naturalization.

Jurisdiction

This action is brought pursuant to Immigration and Nationality Act § 336(b); 8 USC 1447(b), which specifically provides for judicial review of naturalization petitions. The statute states:

> "If there is a failure to make a determination under [INA] § 335 before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions..."

Further, the regulations, promulgated at 8 CFR 336.1(a) require a decision be made within 120 days of an initial interview.

Argument

Over 120 days have passed since Mr. Muntasser appeared for his examination with the District Office.

Mr. Muntasser has fulfilled all of the requirements for naturalization. These requirements include:

- Admission as a lawful permanent resident
- Acquisition of 5 years of residency at least 50% of that time being physically in the U.S.
- Being a person of good moral character
- Supporting the Constitution and laws of the U.S.
- Knowledge of the English language and history of the U.S.
- Willing to take an oath of allegiance.

INA § 335.

The Defendants have given no reason for delaying this matter.

WHEREFORE: The Plaintiff asks this court to take jurisdiction and to determine this matter, and naturalize him pursuant to Section 1447(b) of the U.S. code.

Respectfully submitted,

_____
Date

Jeremiah Friedman
Kaplan, O'Sullivan & Friedman
Ten Winthrop Square, 3rd Floor
Boston, MA 02110
(617) 482-4500
BBO # 548031

JF/Muntasser.Memo