IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMADEDDIN MUNTASSER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 04-CV-11259 RWZ |
| ) | |
| THOMAS RIDGE, Secretary of ) | |
| Department of Homeland Security, et al., ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' REPLY TO PETITIONER'S**
**MEMORANDUM IN OPPOSITION TO REMAND**

In his opposition to Respondents' motion to remand these proceedings to the the United States Citizenship and Immigration Services ("CIS"), Muntasser acknowledges that a conviction for making false statements to a federal law enforcement official may reflect negatively on a naturalization applicant's moral character. In other words, an alien convicted of such an offense is likely ineligible for naturalization. See 8 U.S.C. § 1101(f) (2000). Nevertheless, Muntasser argues that this Court should adjudicate his naturalization application at this time even though he is currently the subject of a pending federal criminal investigation regarding whether he made false statements to the FBI during interviews with the Joint Terrorism Task Force. Petitioner's argument is without merit.

As explained in Respondents' motion to remand, the Supreme Court has

recognized that because naturalization, "once granted, cannot lightly be taken away, the Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship." <u>Berenyi v. INS</u>, 385 U.S. 630, 637 (1967).  Indeed, Congress has directed the government to conduct a thorough background investigation of each applicant to confirm that the applicant is eligible for naturalization.  8 U.S.C. § 1446(a) (2000).  In conducing such investigation, according to the Supreme Court, "[t]he Government is entitled to know of any facts that may bear on an applicant's statutory eligibility for citizenship, so that it may pursue leads and make further investigation if doubts are raised."  <u>Berenyi</u>, 385 U.S. at 638.  This is exactly what CIS is attempting to do in this case – determine whether Muntasser is eligible to join the United States citizenry.  Because, as Muntasser acknowledges, the outcome of the pending federal criminal investigation  into whether he made false statements to the FBI bears on his good moral character, <u>see</u> Pet'r Opp. at 5-6, CIS is not only entitled but is required to await the outcome of that investigation prior to approving his naturalization application.  Accordingly, any delay in this case is not "unexplained" nor "unwarranted" – it is due to CIS's proper performance of its statutorily-mandated duty to ensure that only eligible candidates are naturalized.

  Indeed, even if this Court were to retain jurisdiction of these proceedings, it

would be remiss were it to adjudicate Muntasser's naturalization application prior to the resolution of the ongoing federal criminal investigation into whether he made false statements to the FBI.  This is so, first and foremost, because the criminal investigation is potentially dispositive on the issue of Muntasser's ability to establish good moral character and thus his eligibility to naturalize.  See Souza v. Schiltgen, No. C-95-3997 MHP, 1996 WL 241824 (N.D. Cal. May 6, 1996) (staying naturalization action pending resolution of ongoing criminal investigation of applicant where criminal investigation could be dispositive on issue of applicant's good moral character); United States v. Bridges, 86 F. Supp. 931 (N.D. Cal. 1949) (staying denaturalization action pending resolution of criminal proceedings where factual basis for criminal indictment and denaturalization proceeding are "substantially identical").  Even if the criminal investigation were not potentially dispositive of the issue of Muntasser's naturalization eligibility, which it is, naturalization proceedings in this Court would still be subject to stay lest the government be put in the untenable position of being required to present prematurely the results to date of its criminal investigation in the context of these proceedings or to respond to civil discovery requests regarding its criminal investigation.  See, e.g., United States v. Mellon Bank, 545 F.2d 869, 872-73 (3rd Cir. 1976) (holding that stay of civil proceedings pending outcome of criminal case

3

was appropriate, inter alia, because similarity of issues in both cases left open possibility that defendant might improperly exploit civil discovery for advancement of his criminal case); Peden v. United States, 512 F.2d 1099, 1103 (Ct. Cl. 1975) ("it has long been the practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or under way"); United States v. Premises and Real Property at 297 Hawley Street, 727 F. Supp. 90 (W.D.N.Y. 1990) (holding that government's need to protect criminal case from defendant's potentially broad civil discovery constituted good cause to stay civil forfeiture action until disposition of related criminal proceeding); LaRouche v. FBI, 106 F.R.D. 500, 501-02 (D. Mass. 1985) (staying discovery in civil proceedings against federal defendants pending outcome of ongoing and related federal criminal investigation of plaintiffs).  Accordingly, given that 8 U.S.C. § 1447(b) (2000) specifically provides the district court with the option of remanding naturalization proceedings to the agency, rather than retaining this case on its docket, this Court should remand proceedings to CIS for it to continue its investigation of Muntasser's eligibility for naturalization.[1]

---

[1] If the Court so desires, the government would be willing, upon remand to CIS, to provide periodic status reports regarding the status of Muntasser's naturalization application.

|  | Respectfully submitted, |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney | MICHAEL P. LINDEMANN<br>Assistant Director |
| /s/ Anton P. Giedt<br>ANTON P. GIEDT<br>Assistant U.S. Attorney<br>1 Courthouse Way<br>John Joseph Moakley Courthouse<br>Suite 9200<br>Boston, MA 02210<br>617-748-3309 (Voice)<br>617-748-3967 (Fax)<br>anton.giedt@usdoj.gov | /s/ Linda S. Wernery (By: APG)<br>LINDA S. WERNERY<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>Civil Division, U.S. Dep't of Justice<br>P.O. 878, Ben Franklin Station<br>Washington, D.C. 20044<br>202-616-4865 (Voice) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2004, one copy of Respondents' Motion for Leave to File Reply to Petitioner's Memorandum in Opposition to Remand, with proposed Order and accompanying Reply was served on Petitioner's counsel by first class mail addressed to:

>Jeremiah Friedman
>Kaplan, O'Sullivan & Friedman, LLP
>10 Winthrop Square, 3rd Floor
>Boston, MA 02110

>/s/ Anton P. Giedt
>ANTON P. GIEDT
>Assistant U.S. Attorney

5