UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

Emadeddin MUNTASSER
                    Petitioner

v.

Thomas Ridge, Secretary of
Department of Homeland Security, et.al
                    Respondents

---

Civil Action No.:
04-CV-11259 RWZ

## *PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR A STAY OF PROCEEDINGS*

Less than 1 week prior to the hearing the Respondents requested by way of an "emergency motion" to stay these proceedings based on the same arguments advanced in their motion to remand filed on August 9, 2004. This court denied the motion to remand, and should deny this emergency motion for stay as well.

Petitioner has waited over a year since his initial interview on his naturalization application. He waited two hundred days before filing his petition in this court. The Respondents allege that Muntasser is the subject of a criminal investigation related to alleged false statements made to FBI agents almost 2 years ago. They have not (and now state explicitly that they will not) given any indication of what those alleged false statements were or how they would reflect upon Mr. Muntasser's attachment to the Constitution, and disposition to the good order and happiness of the United States. Having failed in their motion to remand, Respondents now seek to have these proceedings stayed indefinitely.

Respondents have offered nothing new to justify such a delay. In their August 9, 2004 submission, Respondents asserted that the matter should be remanded to CIS because Muntasser was the subject of a criminal investigation. This investigation was the result of alleged false statements made to FBI agents in early February 2003 during the course of a voluntary interview. Now the government asserts that, it cannot have a remand, it should be granted a stay in deference to the ongoing investigation. The government offers no indication as to how long this investigation will take, only that it will provide status reports every 90 days.

Given that the alleged misrepresentation to the FBI agent occurred almost 2 years ago, it is unclear why the government now needs the additional time to determine if a law was broken. Respondents have not offered any explanation as to why it should take more than two years to investigate whether a businessman made a false statement to an officer during a voluntary interview. It has not offered any explanation of what that alleged statement related to, or how it indicates that he is a risk to society. Presumably, if the government suspected that Mr. Muntasser were dangerous, or a security threat, it would have moved ahead aggressively with the investigation, rather than allowing it to languish for two years.

In addition, the use of an affidavit, under seal, is patently prejudicial to Muntasser. The court should not allow its use, particularly when the only offense which the government alleges its misrepresentation. The government has made no proffer that it is contemplating more serious charges. The Respondents admit that only "in a limited and appropriate circumstances may the government rely on ex parte submissions"; but does not articulate a single reason why investigation of such a benign alleged offense should

constitute such a circumstance. (Respondents' motion p. 12 par. 3). Those "limited circumstances" surely do not contemplate the making of an undefined false statement two years in the past. The cases cited by Respondents to justify ex parte information involve such weighty security matters as designating Foreign Terrorist Organizations National Council of Resistance of Iran v. Dept. of State, 251 F.3d 192 (D.C. Cir. 2001) or organized crime, U.S. v. Flemmi, 233 F. Supp 2d 75 (D.C. Mass 2000). The use of ex parte, affidavits was not contemplated for use in allegations of false statements. Even in the question of designating organizations as Foreign Terrorist Organizations, counsel received a summary of the adverse information. Nat'l Counsel of Resistance of Iran, supra at 137. There has been no indication that Muntasser's alleged statements carry such weight. If the government is contemplating a more serious charge its behavior has been disingenuous to this Court and Muntasser, and should not be sanctioned by extending its powers.

The government complains that it is in a "catch-22" position, that it must either risk the naturalization of Mr. Muntasser, or reveal details of its confidential criminal investigation. The government finds itself in this position because it dragged its own feet in deciding the naturalization petition, and in conducting its investigation. The government now seeks further delays with no end in sight.

Further, the government asserts that it must seek a stay to prevent any discovery. In fact, no motion for discovery has been made. Only an informal request was made to opposing counsel. It is not so extraordinary a request. Adverse information is often requested in the context of an immigration benefit case before the administrative agency. Counsel will move forward with or without that information. However, should the government call witnesses, the petitioner reserves the right to request those documents

*CONCLUSION*

At the November 23 hearing, the Court asked the parties how long a hearing was needed to resolve Muntasser's naturalization petition.

Counsel for the Petitioner replied that since Muntasser had completed all of the requirements for citizenship, the only remaining issue was "good moral character". Counsel stated that he did not envision a lengthy hearing. The Respondents' counsel did not dispute this. After the November 30 ruling Respondents did not make any further requests to the Court, they did not ask for a pre-hearing conference nor did they request a scheduling conference.

The Respondents waited until 7 days prior to the hearing to file an "emergency motion". It became the Respondents' emergency because they dragged their feet until the hearing was looming. This is the same attitude they displayed in processing Muntasser's naturalization petition and in conducting their criminal investigation.

For these reasons, Petitioner opposes the stay and opposes the submission of ex parte documents.

Respectfully submitted,

1\5\05
Date

Jeremiah Friedman
Kaplan, O'Sullivan & Friedman, LLP
Ten Winthrop Square, 3rd Floor
Boston, MA  02110
(617) 482-4500

### CERTIFICATE OF SERVICE

I, Jeremiah Friedman, hereby certify that I have served a true copy of the within to the:

>       Anton Giedt
>       Assistant U.S. Attorney
>       1 Courthouse Way
>       John Joseph Moakley Courthouse
>       Suite 9200
>       Boston, MA  02210


>       Linda S. Wernery
>       Senior Litigation Counsel
>       Office of Immigration Litigation
>       Civil Division, U.S. Department of Justice
>       P.O. 878, Ben Franklin Station
>       Washington, D.C. 20044


By U.S. mail service, on this ___5___ day of ___January___, 2005

_____
Jeremiah Friedman

JF\Muntasser.Pet.Opposition