**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

EMADEDDIN Z. MUNTASSER,

                Plaintiff,

    v.

BRUCE CHADBOURNE, JONATHAN
SCARFEN, DENIS RIORDIN, MICHAEL B.
MUKASEY, MICHAEL CHERTOFF &
JOHN DOE, and UNITED STATES
IMMIGRATION & CUSTOMS
ENFORCEMENT,

                Defendants.

Civil Action No. 04-11259-RWZ

**Amended Petition For Hearing On
Naturalization Application Under 8
U.S.C. § 1447(b) and Complaint For
Declaratory and Injunctive Relief**

Plaintiff Emadeddin Z. Muntasser, by his attorney, complaining of Defendants, alleges as follows:

<u>**Background**</u>

1.    This is an amended petition for hearing on a naturalization application under 8 U.S.C. §
1447(b) and a complaint for declaratory and injunctive relief preventing, among other
things, Defendants from detaining Plaintiff pursuant to 8 U.S.C. § 1226, initiating
removal proceedings against Plaintiff pursuant to 8 U.S.C. § 1227, or transferring
Plaintiff outside of Massachusetts.  Plaintiff reasonably believes that, absent the relief
requested herein, he will be imminently detained by Defendants, subjected to removal
proceedings, transferred outside of Massachusetts, and permanently deprived of the right
to a determination by this Court of his naturalization petition, which is the subject of
Count One.

1

**Parties**

2.    Plaintiff Emadeddin Z. Muntasser is a lawful permanent resident of the United States who resides at 46 Richard Road, Braintree, MA 02184.

3.    Defendant Bruce Chadbourne is the Field Office Director of the Department of Homeland Security Immigration and Customs Enforcement's Office of Detention and Removal Operations ("DRO") and is sued in his official capacity.  DRO transports aliens, manages them while in custody, and removes unauthorized aliens from the United States when so ordered.  Mr. Chadbourne's area of responsibility includes Massachusetts, Connecticut, Maine, New Hampshire, Rhode Island, and Vermont.  His office is located at 10 New England Executive Park, Burlington, MA 01803.

4.    Defendant Jonathan Scarfen is the Acting Director of United States Citizenship & Immigration Services ("USCIS") of the Department of Homeland Security with authority over naturalization and is sued in his official capacity.

5.    Defendant Denis Riordin is the District Director of USCIS and is sued in his official capacity.  Defendant is responsible for the grant or denial of naturalization applications filed with the Boston USCIS district pursuant to 8 U.S.C. §§ 1421, 1427 and 8 C.F.R. §§§ 103.1(g)(2)(ii), 310.2, 316.3.

6.    Defendant Michael B. Mukasey is the Attorney General of the United States and is sued in his official capacity.  Immigration judges and the Board of Immigration Appeals, both of which adjudicate cases under the immigration and nationality laws, operate under the authority and supervision of the Attorney General.

7.    Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"), which is responsible for, among other things, the enforcement of the

immigration and nationality laws and the administration of immigration and

naturalization benefits.  Secretary Chertoff is sued in his official capacity.

8.    Defendant John Doe is the warden or superintendent of the facility in which Mr.

Muntasser will be imminently detained and/or the individual who will imminently be his

immediate custodian.

9.    Defendant United States Immigration & Customs Enforcement is the agency with

responsibility for the enforcement of the immigration laws and is made a party for

purposes of obtaining declaratory and injunctive relief.

## Jurisdiction

10.    This Court has jurisdiction pursuant to 8 U.S.C. § 1447(b), 28 U.S.C. § 1331, 28 U.S.C. §

2201, and 28 U.S.C. § 2241.

## Count I: Petition for Hearing on Naturalization Application

11.    Plaintiff has resided in the United States since 1982, at which time he arrived here as a

student.  On or about October 18, 2002, Plaintiff submitted an application for

naturalization to the Defendant.

12.    On or about November 6, 2003, Defendants and/or his designated agent, Alton Saucier,

interviewed Plaintiff on his application.  At the time of the interview, Plaintiff submitted

amendments to the application.  These amendments completed and/or corrected errors or

omissions in the application, which was filed by prior counsel.

13.    Plaintiff passed all portions of the requirements for naturalization during his interview.

Defendants' agent informed Plaintiff that the only issue to be resolved was his

fingerprints to be cleared by the FBI.  Plaintiff was told he would be notified when the

3

prints were cleared, or when there was a decision made on this issue, or if additional information was needed.

14.    Plaintiff did not  receive any update or decision regarding his fingerprints and application.

15.    On April 6, 2004, Plaintiff Muntasser was detained temporarily at Logan Airport. Muntasser was referred to a "deferred inspection" at the Boston USCIS office at JFK Federal Building, Room E-160.  Plaintiff presented himself for the deferred inspection and requested that counsel be present.  This request was denied.  Plaintiff was interviewed for over two hours by Agent John Fernandez, SRI.  Plaintiff was questioned about the nature and purpose of his recent business travel, and about his N-400 (application for naturalization) and amendments he made to that application.  Plaintiff was questioned by Agent Fernandez about his memberships in organizations and his prior discussions with law enforcement, including the F.B.I.  Agent Fernandez determined that Plaintiff should not be excluded.

16.    The defendants did not make a decision on Plaintiff's application for naturalization within the 120 day statutory period, and Plaintiff brings this action pursuant to 8 U.S.C. § 1447(b).

17.    Plaintiff seeks to have this Court retain jurisdiction to render a judicial determination, at the appropriate time, of his naturalization petition and a declaration that he is entitled to be naturalized as a citizen of the United States.

## Count II: Declaratory & Injunctive Relief

18.    On May 11, 2005, one day before a hearing scheduled by this Court on Mr. Muntasser's naturalization petition, a grand jury in this District issued an indictment against Mr.

Muntasser.  By orders of May 12, 2005 and October 18, 2005, this Court stayed

proceedings on the naturalization petition pending conclusion of Mr. Muntasser's

criminal case.

19.     The indictment issued on May 12, 2005 charged Mr. Muntasser with violating 18 U.S.C.

§ 371 (conspiracy to defraud the United States), § 1001(a)(1) (scheme to conceal), and §

1001(a)(2) (making a false statement).  A superseding indictment subsequently charged

him with violating 26 U.S.C. § 7212(a) (obstruction and interference with internal

revenue laws).

20.     Even though virtually every act alleged in the indictment occurred in the Eastern Division

of the District of Massachusetts, the government filed the criminal complaint in

Worcester, avoiding any possibility that it might be assigned to this Court as related to

the instant petition for naturalization.  The case was assigned to the Honorable F. Dennis

Saylor IV, who granted Plaintiff's motion that the matter be tried in Boston.

21.     With the government's consent, Mr. Muntasser remained free on bail pending trial, and

complied with all of the condition of his release through the nearly three year period

preceding trial, which commenced in November 2007.

22.     Prior to submitting the case to the jury, Judge Saylor granted Mr. Muntasser's motion for

a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure with

respect to the 26 U.S.C. § 7212(a) count (obstruction and inference with internal revenue

laws), finding insufficient evidence to convict, and indicated that he harbored substantial

doubts as to whether the government had proven its case as to the remaining counts

alleging violations of 18 U.S.C. § 371 (conspiracy to defraud United States) and §

1001(a)(1) (scheme to conceal).  On January 11, 2008, the jury, however, found Mr.

Muntasser guilty of violating 18 U.S.C. §§ 371, 1001(a)(1), and 1001(a)(2).

23.    On June 2, 2008, Judge Saylor granted Mr. Muntasser's renewed motion for judgment of

acquittal under Rule 29 as to the tax conspiracy and scheme counts, leaving only one

count of conviction for making a single false statement in violation of 18 U.S.C. §

1001(a)(2).  By order of June 13, 2008, Judge Saylor released Mr. Muntasser on bail

pending sentencing on the condition that he be confined to his home.

24.    Judge Saylor sentenced Mr. Muntasser on July 17, 2008, to twelve months' incarceration,

which was twice the maximum sentence recommended under the Sentencing Guidelines,

based in part on uncharged and unproven tax-related conduct that Judge Saylor had

expressly found in his Rule 29 decision was not related to the single false statement for

which he remains convicted.  Mr. Muntasser has appealed his conviction and sentence.

The government has also filed a notice of appeal on the post-trial judgments of acquittal,

but it has notified the First Circuit that it has not yet received permission from the

Solicitor General to pursue the appeal.

25.    When sentencing Mr. Muntasser, Judge Saylor specifically recommended that he be

assigned to a facility near his family in Massachusetts.  On or about August 25, 2008, Mr.

Muntasser was informed that, consistent with this recommendation, the Bureau of Prisons

("BOP") had designated Allenwood, Pennsylvania as the facility to which he would self-

report at the appropriate time.

26.    On or about August 26, 2008, however, Mr. Muntasser was informed that, contrary to

both Judge Saylor's recommendation and the initial designation, he had been re-

designated to a facility in Big Spring, Texas.

27.  Upon inquiry by Mr. Muntasser's counsel, the United States Marshal cited Mr. Muntasser's immigration status, which was reported as "IHP" (short for "Immigration Hearing Procedure"), as a reason for his re-designation to a distant facility.

28.  On September 9, 2008, Judge Saylor granted Mr. Muntasser's motion to remain free on bail pending appeal on the same conditions previously imposed. Judge Saylor concluded that Mr. Muntasser posed no risk of flight or danger to the community, and further concluded that Mr. Muntasser would raise substantial issues on appeal likely to result in reversal or a substantially reduced sentence. In particular, Judge Saylor noted that this case presented "a very unique situation and a highly unusual situation with a number of unusual and difficult issues" and that, unlike "most criminal appeals," Mr. Muntasser's appeal was "very far" from being a "long shot."

29.  The September 9, 2008 bail hearing was the final scheduled proceeding before Judge Saylor with respect to Mr. Muntasser's criminal case.

30.  During the September 9, 2008 bail hearing, the government stated, when discussing Mr. Muntasser's risk of flight to avoid detention, that Immigration and Customs Enforcement ("ICE") was "considering whether to institute removal proceedings" against him. When asked by Mr. Muntasser's counsel after the hearing whether ICE would initiate detention and removal proceedings against Mr. Muntasser while his conviction was on appeal, despite the law in this Circuit that a conviction is not final for purposes of removal until the direct appeal is exhausted, the government refused to answer. When Mr. Muntasser's counsel specifically inquired whether he would be immediately detained, the government was evasive but stated that "it certainly could happen."

31.    In contrast to the First Circuit, the Fifth Circuit has held that an immigrant is subject to removal based on a conviction prior to the resolution of the direct appeal. *Compare Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 290-91 (5th Cir. 2007) *with White v. I.N.S.*, 17 F.3d 475, 479 (1st Cir. 1994). The Texas facility to which the BOP had re-designated Mr. Muntasser on the basis of his immigration status is in the Fifth Circuit.

32.    The First Circuit disapproves of immigration authorities "spirit[ing] an alien from one site to another in an attempt to manipulate jurisdiction." *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000).

33.    Based on the government's actions and statements, Mr. Muntasser reasonably believes that he is subject to imminent arrest, detention and removal proceedings, and that the government, in an effort to manipulate jurisdiction, plans to conduct those proceedings outside the jurisdiction of this Court without regard to the lack of finality of his conviction. In addition, it has become the routine practice and procedure of Defendants to initiate removal proceedings by the arrest and imprisonment of targeted aliens during pre-dawn hours at their homes, with no prior notice to the alien or the alien's counsel, followed by imprisonment incommunicado from attorneys and family and then covert transfer of the alien to a remote location at Defendants' convenience.

34.    In light of this imminent threat, which would severely impair Mr. Muntasser's ability to establish that he is not subject to removal, and is entitled to naturalization, he seeks declaratory and injunctive relief to preserve the status quo by restraining Defendants and/or any of their agents from arresting him, removing him from Massachusetts, or initiating removal proceedings.

35.  On information and belief, the Attorney General or others acting pursuant to his authority will contend, in advance of appellate review of his conviction and sentence, that, upon his arrest by ICE, Mr. Muntasser is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) pending determination of his removability.

36.  If Mr. Muntasser's 365-day sentence is reduced by even one day, however, mandatory detention under 8 U.S.C. § 1226(c) would not apply. In light of Judge Saylor's finding that Mr. Muntasser's appeal will raise substantial questions of law that could very well be decided in his favor, allowing his appeal to proceed in the First Circuit will create a substantial likelihood that his sentence will be reduced and the prospect of mandatory detention thus will be eliminated.

37.  In any event, Mr. Muntasser should not be subject to mandatory detention because he does not presently meet the criteria set forth in 8 U.S.C. § 1226(c). In particular, Mr. Muntasser is not subject to mandatory detention because he is not deportable under 8 U.S.C. § 1227(a)(2)(A)(i) since he did not commit a crime involving moral turpitude within five years after the date of his admission to the United States, a date already established in the prior proceedings in this Court.

38.  Mr. Muntasser's arrest, detention and potential removal prior to or without regard to the disposition of his pending appeal, would be in violation of the Constitution of the United States and contrary to law because:

a.  Mr. Muntasser is not subject to removal pursuant to any of the subsections of 8 U.S.C. § 1227.

b.  It is a violation of due process for Defendants or their agents to remove Mr. Muntasser from Massachusetts so that they may avail themselves of another jurisdiction's law

and precedents interpreting the immigration and nationality laws so as to (i) deprive Mr. Muntasser of the benefits of the pendency of his appeal in the First Circuit, including bail and a stay of any removal proceedings, and (ii) deprive this Court of jurisdiction to reopen Mr. Muntasser's naturalization proceedings and rule on his immigration status at the appropriate time.

c.    It is a violation of due process for a lawful permanent resident to be subject to mandatory detention under 8 U.S.C. § 1226(c) where the court presiding over the lawful permanent criminal trial has already concluded, in granting bail pending appeal, that the lawful permanent resident (i) is not likely to flee or pose a danger to the safety of any other person or the community and (ii) will, on appeal, present substantial questions of law likely to result in a new trial or a significant reduction of the sentence.

d.    It is a violation of due process for a lawful permanent resident to have the burden of proving, in order to avoid physical detention, that DHS is "substantially unlikely to establish" the charges that rendered him subject to mandatory detention under 8 U.S.C. § 1226(c). *In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19.

e.    It is an unconstitutional suspension of the writ of habeas corpus to preclude this Court from barring the Attorney General or any of his designees from arresting and detaining Mr. Muntasser based on the inappropriate and unjustified application of 8 U.S.C. § 1226(e).

WHEREFORE, Plaintiff prays that the Court:

a.    enjoin Defendants and/or their agents from transferring Plaintiff from Massachusetts to any jurisdiction outside the First Circuit during the pendency of his existing appeal;

b.      enjoin Defendants and/or their agents from detaining Plaintiff or initiating

immigration removal proceedings against Plaintiff during the pendency of his existing appeal;

c.      declare that the mandatory detention provisions of 8 U.S.C. § 1226(c) are

inapplicable to Plaintiff or, if applicable, are unconstitutional as applied to him;

d.      declare unconstitutional, both facially and as applied, the framework set forth in

*In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999), for contesting DHS's determination that the

mandatory detention provisions of 8 U.S.C. § 1226(c) apply to an alien;

e.      declare that 8 U.S.C. § 1226(e) is an unconstitutional suspension of the writ of

habeas corpus;

f.      hear Plaintiff's case and render a judgment, upon resolution of his criminal

appeal, that he is entitled to be naturalized; and

g.      grant such further relief as may be just, lawful, and equitable.


September 10, 2008                                    Respectfully submitted,

                                                     /s/ Kathleen M. Sullivan____
                                                     Kathleen M. Sullivan (BBO #551053)
                                                     kathleensullivan@quinnemanuel.com
                                                     QUINN EMANUEL URQUHART
                                                       OLIVER & HEDGES, LLP
                                                     51 Madison Avenue, 22nd Floor
                                                     New York, New York  10010
                                                     (212) 849-7000

                                                     *Attorney for Plaintiff Emadeddin Z.*
                                                     *Muntasser*

## Certificate of Service

        I hereby certify that a true copy of the foregoing document was served this day upon all
counsel of record by electronic filing.

                                                     /s/ Kathleen M. Sullivan